UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID THOMPSON,

                Plaintiff,

    v.                                    Case No. 17-C-106

WESLEY FORBES,

                Defendant.

## SCREENING ORDER

The plaintiff, who is incarcerated at Green Bay Correctional Institution (GBCI), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The plaintiff has been assessed and paid an initial partial filing fee of $5.89 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

was visited upon his by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Thompson claims that on September 8, 2015, Defendant Wesley Forbes, a psychologist at Green Bay Correctional Institution, stabbed his thumb with a pen while his arm was hanging out of the cell's food port. Thompson allegedly notified prison staff earlier that day that he felt suicidal, wanted to speak with a psychologist, and would keep his arms outside of the food port to prevent the door from being closed until Dr. Hamilton arrived. Thompson explicitly refused to see Dr. Forbes, claiming Dr. Forbes made him uncomfortable. Upon arrival, Dr. Forbes allegedly threatened Thompson with violence and mocked his claims of mental health problems. Dr. Forbes then allegedly made jabbing motions, used a racial epithet, accused him of faking, and and eventually stabbed Thompson's thumb with his pen, causing it to bleed. Thompson claims that the injury was an 8 on a 10-point pain scale. He further alleges photographs were taken of the injury and that he received medical treatment.

The general test for the Eighth Amendment bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). The inquiry in claims involving allegations of excessive force by prison officials against an inmate is whether the prison official inflicted an injury "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475

U.S. 312 (1986). Thus, the infliction of even a relatively minor or *de minimis* injury can constitute a violation of the Eighth Amendment's prohibition of 'cruel and unusual' punishment if it is done maliciously. *Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . . This is true whether or not significant injury is evident."). Given this subjective state-of-mind standard, it is difficult to rule out Eighth Amendment claims at the screening stage, and so Thompson's claim must be allowed to proceed. Accordingly, Thompson may proceed in his Eighth Amendment claim against Dr. Forbes in his individual capacity. Thompson also seeks to sue Dr. Forbes in his official capacity, but "[a] suit against a state official in his or her official capacity is a suit against the state, and so is barred by the Eleventh Amendment unless (so far as pertains to this case) the state has waived its Eleventh Amendment immunity from suit in federal court." *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000).

## <u>ORDER</u>

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED** and Thompson can proceed on his claim against Dr. Forbes in his individual capacity.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the

4

complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.11 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect only at **Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correction Institution, and Wisconsin Secure Program Facility**. If the plaintiff is no longer incarcerated at one of these institutions, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> **c/o Office of the Clerk**
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Rm. 102
> Green Bay, WI 54301

Plaintiff is hereby notified that copies of future documents filed with the court that can be

scanned and electronically filed need not be served on the other parties. Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and result in dismissal of the action.

Dated this ___6th___ day of February, 2017.

     s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court